IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R. M-G, as parent and next friend for A.R.,
a minor child,

                Petitioner-Appellant,

v.                                                 CIV 13-0350 KBM/KK

LAS VEGAS CITY SCHOOLS and
THE BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

                Respondent-Appellee.
---------------------------------------------------------------

A.R., through his mother and next friend, R. M-G, and R. M-G,

                Plaintiffs,

vs.                                           CIV 13-0720 KBM/KK

LAS VEGAS CITY SCHOOLS, THE SCHOOL
BOARD OF EDUCATION FOR THE LAS VEGAS
CITY SCHOOLS, SHERYL McNELLIS MARTINEZ,
in her official capacity as Superintendent of the Las Vegas
City Schools, and in her individual capacity; and
RICHARD ROMERO, LESLIE DAMON and
LORENA CASTRO-GARCIA, in their individual capacities,

                Defendants.
---------------------------------------------------------------

LAS VEGAS CITY SCHOOLS and
BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

                Petitioner-Appellant,

vs.                                        CIV    13-0755 KBM/KK

R. M-G, as parent and next friend of minor child A.R.,

                Respondent-Appellee.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Board of Education for the Las

Vegas City Schools' Motion for Summary Judgment (*Doc. 68*) and Memorandum in

Support of its motion (*Doc. 70*) filed September 5, 2014, and fully briefed November 20,

2014 (*Doc. 89*).   Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties have

consented to me serving as the presiding judge conducting all proceedings, including

trial, and entering final judgment.   *See, Docs. 10, 11, 12*.   Having considered the

submissions of the parties and the relevant law, the Court will deny the motion.

I.      **Background Facts and Procedural Posture**

The Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C.

§ 1400 et seq., creates an "enforceable substantive right to public education."   *Honig v.

Doe*, 484 U.S. 305, 310 (1988) (citation omitted).   Under the IDEA, students with

disabilities are entitled to an individualized education program ("IEP").   20 U.S.C. § 1401

(9)(D) & 20 U.S.C. § 1414(d)(1)(A).   Parents may file a complaint and request a due

process hearing when they believe their child is not receiving a free appropriate public

education ("FAPE") pursuant to the IEP.   *See* 20 U.S.C. § 1415.

A.R. is a middle school student at Memorial Middle School, which is governed by

the Board of Education for the Las Vegas City Schools (the "District").   A.R. is legally

blind and cannot read print and began as a student with the District in 2010 as a fourth

grader.   In order to participate in the general curriculum at his school, A.R. requires

special instruction and classroom materials in Braille, and his education is subject to an

IEP.   Respondent R. M-G (A.R.'s mother) was dissatisfied with the educational program

and services the District was providing to accommodate A.R.'s disability, and in

November of 2012, during A.R.'s sixth-grade year, R. M-G requested a special education

due process hearing (DPH 1213-19) to remedy those concerns.   Due Process Hearing

Officer Barbara Albin ("Albin") held a four-day hearing beginning February 11, 2013.

Albin submitted her final decision on March 15, 2013.   *Doc. 83-1.*

A week later, on March 22, 2013, Respondent filed a second request for a due

process hearing (DPH 1213-36), which took place before Jane Yohalem ("Yohalem").

While the issues addressed in the second hearing were similar to those addressed in the

first, Yohalem made it clear that the second due process complaint addressed <u>only</u> the

"educational and related services to Student since November 15, 2012" and limited the

evidence to matters occurring after that date.   *Doc. 83-2* at 2.

Three separate lawsuits arose out of the circumstances surrounding A.R.'s

education with the District:

- In CIV 13-0350, R. M-G appealed Albin's final decision and requests attorney's fees for the first due process hearing;

- In CIV 13-0755, the District appeals Yohalem's final decision; and

- In CIV 13-0720, A.R. and R. M-G filed a civil rights action against the District and request attorney's fees for the second due process hearing.

The Court consolidated these cases on October 22, 2013.   *Doc. 27.*

On August 22, 2014, R. M-G voluntarily dismissed her appeal of Albin's final

decision.[1]   *Doc. 60.*   In light of that dismissal, the District now seeks summary judgment

---

[1] R. M-G has retained her claim for attorney fees in connection with that first due process hearing,

in CIV 13-0755 contending that "*res judicata* prohibits any of DPOH Yohalem's findings and conclusions in DPH 1213-36 which conflict with Albin's Final Decision in DPH 1213-19."[2]   *Doc. 70* at 5.   With the exception of the issue regarding Braille textbooks (*Doc. 70* at 9), the District does not specifically identify which of Yolhalem's findings are inconsistent with Albin's.   Instead, the District simply contends that Respondent asserted the "same" claim in both hearings "namely, that the District failed to provide R.M-G's son with [a] FAPE."   *Doc. 88* at 11.

Placing all of R. M-G's claims under this umbrella, however, ignores the many ways she alleges the District denied A.R. a FAPE, any one of which she could have brought alone.   For example, Respondent alleges, among other things, that the District failed to provide appropriate TVI services and failed to provide assistive technology. Either of these claims could establish the basis for a denial of a FAPE.   Thus, more than one aspect of the IDEA claim is potentially subject to the District's *res judicata* arguments.

Indeed, the Court identifies four areas that were addressed by both due process hearing officers with differing results:   (1) whether the TVI services complied with A.R.'s IEP; (2) whether A.R. received adequate specialized instruction in Braille; (3) whether the

---

*see Doc.* 60, and that claim will be addressed in a separate memorandum and opinion.

[2]   The District requests relief that "in the alternative, the isolation of claims is appropriate under the 'degree of success obtained' analysis provided above."   *Doc. 70* at 12.   Generally, the "degree of success" analysis goes to the reasonableness of a fee award.   *See, Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1247 (10th Cir. 2009) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).   In its reply, the District clarifies that it requests "that the Court isolate and terminate claims that were litigated in the first due process hearing (DPH 1213-19) and re-litigated in the second due process hearing (DPH 1213-36)."   *Doc. 88* at 12.   The Court will construe the District's request to "isolate and terminate" as a request for partial summary judgment on any claims the Court finds are subject to *res judicata*.

District supplied adequate access to classroom materials; and (4) whether A.R. was provided with assistive technology.[3]

## II.   <u>Legal Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way.   *See Adler v. Wal-Mart Stores*, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007).   The "materiality" of a fact is determined by substantive law. *Anderson*, 477 U.S. at 248.   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."   *Id.*   A mere scintilla of evidence in the non-movant's favor is not sufficient to defeat summary judgment.   *Id.* at 252.

Evidence submitted in support of a motion for summary must be admissible at trial (although it does not necessarily need to be presented in a form admissible at trial).   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).   Thus, hearsay cannot be considered.   *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).

---

[3] Findings that are consistent or those made by only one hearing officer are not at issue as the District is only seeking *res judicata* for decisions that are inconsistent.

However, statements that are not offered for the truth of the matter may be considered if they have some other admissible purpose.   Fed. R. Evid. 801(c); *Montoya v. Romero*, 956 F. Supp. 2d 1268 (D.N.M. 2013) (*citing United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir.2008)). The Court must consider the record, construe all evidence in the light most favorable to the non-moving party, draw all reasonable inferences in the non-party's favor and resolve all doubts against the moving party.   *Adler*, 144 F.3d at 670.   If there is no genuine issue of material fact, the Court must determine whether the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

## III.    Statement of Undisputed Material Facts

While the facts set forth by the District are not disputed, the parties disagree on their relevance.   Respondent asserts the District's facts simply are not relevant because they relate to the time frame before November 15, 2012.   She points out that "Yohalem explicitly limited her Decision and her award of equitable relief to the time frame beginning on November 15, 2012."   *Doc. 83* at 6.   Consequently, Respondent argues, the facts listed are irrelevant "because *none of them* address A.R.'s educational program during late fall and Spring 2013."   *Id.* (emphasis in original).

The District counters that it was subject to the "stay-put provision" as provided in 20 U.S.C. § 1415(j).[4]   Between the time R. M-G filed her first request for a due process

---

[4] 20 U.S.C. § 1415(j) provides that "during the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the then-current educational placement of such child." *See Erickson v. Albuquerque Pub. Sch.*, 199 F.3d 1116, 1121 (10th Cir.1999) (referring to this as the "stay-put provision").   This provision prevents school districts from "effecting unilateral change in a child's educational program," *id.*, 199 F.3d at 1121 (internal quotation marks omitted), and imposes "an automatic statutory injunction" requiring that the child's then-current

6

hearing and Yohalem's final decision on the second due process complaint, the District

was unable to change A.R.'s educational program with the exception of one week

between Albin's Final Decision on March 15, 2013, and R. M-G's application for an

additional due process hearing on March 22, 2013.   Thus, it had only one week to adopt

and implement Albin's orders with regard to A.R.'s educational program before they were

once again enjoined from making any changes.

        In spite of the stay-put provision in effect, however, circumstances _did_ change at

the end of the 2012 fall semester.   In December of 2012, A.R.'s Teacher of the Visually

Impaired ("TVI") resigned her position and was replaced by a teacher assistant and then a

special education teacher, who were not trained to teach a child with visual impairments.

This change in personnel led to R. M-G's request for a second due process hearing.

        In their "Statement of Relevant Undisputed Material Facts," the District sets forth

findings from Albin's Final Decision but does not provide any findings of fact or

conclusions of law by Yohalem.[5]   In its Complaint in CIV 13-0350 on its appeal of the

_____

educational placement be maintained "at the expense of whatever public entity issued the IEP
that is being challenged."   _Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch._, 565 F.3d
1232, 1252 n.13 (10th Cir. 2009) (quoting _Norman K. ex rel. Casey K. v. St. Anne Cmty. High Sch._
_Dist. No. 302_, 400 F.3d 508, 510–11 (7th Cir.2005)).
.
5 In order to determine whether the claims before a second hearing officer would be precluded by
a first hearing officer's ruling, a review of both decisions would be necessary to understand the
findings and the context in which they were made.   As United States Chief District Judge Armijo
has explained,

        Under the doctrines of collateral estoppel and _res judicata_, for example, legal
        consequences may flow from the fact that the AAO or the DPHO entered decisions
        containing statements which signaled that they had considered certain issues.
        Even if the truth of such statements is disputed, I may still consider them as verbal
        acts or operative facts insofar as legal consequences flow from their utterance.

second due process hearing decision, the District contends that Yohalem erred in her factual findings and conclusions of law (*Doc. 1* at 4).   However, whether Yohalem erred is not at issue in this motion.   To the extent necessary, the hearing officers' decisions are considered solely to determine whether there is any preclusive effect.

## IV.   <u>Discussion</u>

Claim preclusion or *res judicata* bars the same parties from relitigating claims that were brought or could have been brought in a prior action, s*ee Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-4 (10th Cir. 2002), as amended (Jan. 14, 2003), and requires that three elements are met:[6]   "(1) a final judgment on the merits in an earlier action, (2) identity of parties or privies in the two suits, and (3) identity of the cause of action in both suits."   *Id.*, 314 F.3d at 504 (internal citation omitted).   There is no dispute that Albin's decision was a final decision on the merits or that the parties to the first due process hearing are identical to the second.   The issue in

---

*See generally Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1087 (10th Cir.2001).

*N.T. ex rel. Trujillo v. Espanola Pub. Sch., No.* CIV.04-0415 MCA/DJS, 2005 WL 6168483, at *4 (D.N.M. June 21, 2005); s*ee also Sytsema ex rel. Sytsema v. Academy School Dist. No. 20*, 538 F.3d 1306, 1311 (10th Cir. 2008) ("During its review of the administrative record, the district court must give 'due weight' to the hearing officer's findings of fact, which are considered prima facie correct.") (internal citation and quotation marks omitted).

[6] Plaintiff apparently contends that the "four elements" test under New Mexico state law for the application of res judicata should apply.   R. M-G's reliance on *Hartnett v. Papa John's Pizza, USA, Inc.*, 828 F. Supp.2d 1278 (D.N.M. 2011) (misidentified as "*Contreras v. Papa Johnson's Pizza*," *Doc. 83* at 12) is misplaced.   As Judge Browning noted in *Harnett*, "[b]ecause the Court's jurisdiction is based on diversity, New Mexico state law governs the inquiry."   Here, the Court's jurisdiction is premised on a federal question and only federal claims were raised in the state administrative proceedings.   Therefore, the federal substantive law governing preclusion applies.   *See, e.g., M.R. v. Ridley School Dist.*, 744 F.3d 112 (3rd Cir. 2014) (federal *res judicata* standards applied in an IDEA context); *Doc. 88* at 8-9 and cases cited therein.

this case is whether the causes of action are identical.

The Tenth Circuit adopted the "transactional approach" found in the Restatement (Second) of Judgments which provides that causes of action are identical where a final judgment extinguishes

> all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.

*Wilkes*, 314 F.3d at 504; (quoting Restatement (Second) of Judgments § 24) (citation omitted).   In this case, while many of the aspects of the IDEA claims addressed by Albin in the first due process hearing were also addressed by Yohalem in the second, the claims themselves are not identical because each due process hearing officer was addressing an altogether different time frame.

Albin's findings apply to the time frame from the fall of 2010, A.R.'s fourth grade year, through November 15, 2012, the fall of sixth grade.   *Doc. 83-1* at 1, 17.   On the other hand, Yohalem very specifically stated that she was only addressing "the limited time period from November 16, 2012, through the end of the 2012-2013 school year." *Doc. 83-2* at 2.   Thus, even if the claims for the two time periods share some relevant issues, the Court finds that the claims themselves are different because there is no temporal overlap.   In other words, the District's undisputed facts are *immaterial* because the claims addressed in the two due process hearings were for a different time periods which necessarily precludes a finding of claim "identity" sufficient to support the

9

application of *res judicata*.

**V.    <u>Conclusion</u>**

R. M-G did not relitigate the same claims before Yohalem that were or could have been brought before Albin because the time frame being addressed was different for each hearing.   Consequently, the District is not entitled to judgment as a matter of law on the basis of *res judicata*.

Wherefore,

**IT IS ORDERED** that the Board of Education for the Las Vegas City Schools' Motion for Summary Judgment *(Doc. 68)* is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent