IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

R. M-G, as parent and next friend for A.R.,
a minor child,

    Petitioner-Appellant,

v.                                                   CIV 13-0350 KBM/KK
                                                            Cons. CIV 13-0720 KBM/KK
                                                             Cons. CIV 13-0755 KBM/KK

LAS VEGAS CITY SCHOOLS and
THE BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

    Respondent-Appellee.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff R. M-G's Motion for Attorney's Fees Incurred in NMPED DPH 1213-19 (*Doc. 62*), filed September 5, 2014, and fully briefed October 16, 2014 (*Doc. 81*).  Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties have consented to me serving as the presiding judge and to conduct all proceedings, including trial, and enter final judgment.  *See, Docs. 10, 11, 12*.  Having considered the submissions of the parties, and the relevant law, the Court will grant the motion.

**1.      <u>Background Facts and Procedural Posture</u>**

A.R. is a middle school student at Memorial Middle School, which is governed by the Board of Education for the Las Vegas City Schools (the "District").  A.R. is legally blind and cannot read print.  He also suffers from osteogenesis imperfecta, known as "brittle bone" and, as a result, has suffered many broken bones in his lifetime.  In order

to participate in the general curriculum at his school, A.R. requires special instruction and classroom materials in Braille and needs orientation and mobility ("O&M") services. Petitioner R. M-G (A.R.'s mother) was dissatisfied with the educational program and services the District was providing to accommodate A.R.'s disabilities, and in November of 2012, during A.R.'s sixth-grade year. She requested a special education due process hearing pursuant to 20 U.S.C. § 1415, (DPH 1213-19), to remedy those concerns.[1]

After a December 2012 resolution meeting was unsuccessful, Due Process Hearing Officer Barbara Albin ("Albin") held a four-day hearing beginning February 11, 2013, and submitted her final decision on March 15, 2013. *Doc. 62-5*. Albin's decision was partially favorable to Petitioner, but she was not successful on all of her claims. *Id*. Petitioner sought judicial review of Albin's decision (*Doc. 1*), but on August 22, 2014, voluntarily dismissed her appeal. *Doc. 60*. Attorney Debra Poulin has represented Petitioner since the fall of 2012 and participated in both the resolution meeting and due process hearing. *Doc. 62-2* at 2-3. Here, in CIV 13-350, Petitioner seeks attorney's fees and costs in the amount of $49,450.00 as the prevailing party in that decision.

**II.    Discussion**

In any action brought under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). As District Judge Judith Herrera observed, "Courts in the Tenth Circuit have analyzed motions for attorneys' fees in suits brought pursuant to the IDEA under the same legal standard as is employed for evaluating motions for attorneys' fees brought by prevailing parties in

---

[1] The Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 et seq., created

2

civil rights cases under 42 U.S.C. § 1988." *Morrison v. Los Lunas Public Schools, et al.*, CIV 12-0143 JCH/RHS at Doc. 60 (November 24, 2014) (citing *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 728-29 (10th Cir. 1996)).

Generally, "the parents prevail 'when actual relief on the merits of [the child's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1247 (10th Cir. 2009) (quoting *Urban*, 89 F.3d at 729). Even if parents do not prevail on all of their claims, they are the prevailing party where "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Hearing Officer Albin found that the District denied A.R. a FAPE by failing to provide him with O&M and Extended School Year ("ESY") services. Albin ordered the District to provide A.R. with compensatory education in the form of comprehensive summer programming paid for by the District. *Doc. 62-5* at 15-16, 20, 24. This relief materially altered the legal relationship between the parties in a way that provided a direct benefit to A.R. Thus, Petitioner is the prevailing party.

That determination does not end the inquiry, however, and "brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. In assessing the reasonableness of a fee request, "a court must begin by calculating the so-called 'lodestar' amount of a fee, and the claimant is entitled to the presumption that this loadstar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998)

(quoting *Hensley,* 461 U.S. at 436-37).  The loadstar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Id.*; *see also M.S. ex rel J.S. v. Utah School for the Deaf*, 2014 WL 7261748 at *2 (D. Utah 2014).  Having exercised billing judgment to exclude compensation for minimal routine tasks, Ms. Poulin indicates in her affidavit that she reasonably expended 195.2 hours in providing legal services and requests compensation at $250 per hour for a total of attorney fees of $45,450.00.[2]

The lodestar calculation is not so easily applied where, as here, Plaintiff prevailed on some, but not all, of her claims.  "A district court may reduce a lodestar calculation on the grounds that a prevailing party has achieved only partial success."  *Robinson*, 160 F.3d at 1283.  When a plaintiff is only partially successful, a court must address two questions:  "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  *Hensley*, 461 U.S. at 434.  A party cannot collect attorney's fees for unsuccessful, unrelated claims.  *Ramos v. Lamm*, 713 F.2d 546, 556 (10th Cir. 1983), *disapproved of on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  The entire fee may be awarded, however, when the successful and unsuccessful claims are intertwined through a common core of facts or legal theories.  *Robinson*, 160 F.3d at 1283 (citing *Hensley*, 461 U.S. at 435).

The Tenth Circuit instructs "it is inappropriate for a district court to evaluate the

---

[2] Petitioner also requests gross receipts taxes and reasonable costs (she excludes the almost four thousand dollars expert witness costs) which brings the requested total award to $49,966.13.

4

individual claims as though they were discrete and severable. . . .  Instead the court should focus on the 'significance of the overall relief' that the prevailing party has won: 'The result is what matters.'"  *Id.*  (quoting *Hensley*, 461 U.S. at 435).  If the IDEA plaintiff has achieved success on the principal goal of the lawsuit, "lack of success on some of her interrelated claims may not be used as a basis for reducing the plaintiff's fee award."  *Id.*  The "degree of success obtained" guides the Court's reasonableness analysis.  *Miller*, 565 F.3d at 1247 (citing *Farrar v. Hobby,* 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 436)).

Focusing on the quantity of claims, the District contends that Petitioner prevailed on only three of her ten claims and, without further explanation, draws the conclusion that the unsuccessful claims are "unrelated" to O&M and ESY services.  Doc. 74 at 8 – 11.  At the due process hearing,  A.R.'s mother sought services that would enhance his Braille reading skills, including a certified teacher of the visually impaired ("TVI") (*Doc. 74* at 8-9 ¶¶ 1,3), text books and class material transcribed into Braille (*Id.*, ¶¶ 2,5), and assistive technology (*Id.* at 9-10, ¶¶ 9).[3]  She sought these same services for A.R. during the summer months in the form of ESY services.[4]  The evidence establishing A.R.'s need for Braille instruction, texts, and assistive technology is the same whether addressing the school year or the summer months.  Petitioner explains that testifying witnesses and hundreds of documents submitted at the due process

---

[3] Petitioner additionally sought reevaluation of A.R. (*Id.* at 9, ¶¶ 7, 8), to which the parties later stipulated.  *See Doc. 83-2* at 13.

[4] Albin explained in her decision that "ESY services 'means special education and related services that -- (1) Are provided to a child with a disability – (i) Beyond the normal school year of the public agency; (ii) In accordance with the child's IEP; and (iii) At no cost to the parents of the child; and (2) Meet the standards of the [State Educational Agency].'  34 CFR §300.106(b)."  (*Doc. 62-5* at 19-20).

5

hearing were not limited to a single issue but related to multiple issues in the case. *Doc. 62* at 3-4.  Indeed, Petitioner's claims seem so interrelated that separating out attorney fees associated with the successful from those related to unsuccessful claims proves a virtually impossible task.

Further, while Albin did not order the District to provide a licensed, certified TVI, Braille text books for all classes, or instruction in assistive technology during the school year, Petitioner achieved her principal goal of compelling the District to provide services necessary for A.R. to thrive in the classroom.  Namely, the District paid for A.R. to attend a comprehensive overnight summer program at the Colorado Center for the Blind, where he received instruction in Braille, cane travel, assistive technology instruction, and life skills in a "real world" setting.  *See Doc. 80-5.*  The program cost $7,600.00 per summer and A.R. participated in the program for two summers at the District's expense.  *Doc. 62-5* at 19; *Doc. 80-3* at 2; *Doc. 80-4.*  Thus, Petitioner obtained a degree of success that substantiates the reasonableness of her attorney's fees, despite the lack of success on some of her claims at the hearing.[5]

The District does not dispute that Ms. Poulin's experience and knowledge warrant the hourly rate of $250.00 per hour or that the hours expended were unreasonable.  Plaintiff's attorney did not charge for portions of her time and did not raise her hourly rate in this case although her hourly billing rate has increased during the pendency of these federal proceedings.  *Doc 62-2* at 5; *Doc. 62-3* at 2, 3, 9, 10.  In sum, the Court finds the requested award of attorney fees and costs to be reasonable.

Wherefore,

---

[5] Notably, the parties advise that AR is currently doing well in school.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Attorney's Fees Incurred in NMPED DPH 1213-19 (*Doc. 62*) is **granted.** Petitioner is awarded the sum of $49,966.13 (which represents attorney fees of $45,450.00 plus gross receipts tax of $3,211.37 and costs in the amount of $1,304.76).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent