IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R. M-G, as parent and next friend for A.R.,
a minor child,

    Petitioner-Appellant,

v.                    CIV 13-0350 KBM/KK

LAS VEGAS CITY SCHOOLS and
THE BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

    Respondent-Appellee.
--------------------------------------------------------------

A.R., through his mother and next friend, R. M-G, and R. M-G,

    Plaintiffs,

vs.                   CIV 13-0720 KBM/KK

LAS VEGAS CITY SCHOOLS, THE SCHOOL
BOARD OF EDUCATION FOR THE LAS VEGAS
CITY SCHOOLS, SHERYL McNELLIS MARTINEZ,
in her official capacity as Superintendent of the Las Vegas
City Schools, and in her individual capacity; and
RICHARD ROMERO, LESLIE DAMON and
LORENA CASTRO-GARCIA, in their individual capacities,

    Defendants.
--------------------------------------------------------------

LAS VEGAS CITY SCHOOLS and
BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

    Petitioner-Appellant,

vs.                  CIV 13-0755 KBM/KK

R. M-G, as parent and next friend of minor child A.R.,

    Respondent-Appellee.

**ORDER DENYING RECONSIDERATION**

THIS MATTER comes before the Court on the Board of Education for the Las Vegas City Schools' ("Board's") Motion to Alter or Amend Order (*Doc. 95*). The Court has reviewed the motion and has given due consideration to the arguments therein. The Court further finds that no response is necessary for its decision.

As the Board correctly notes,

> The Court may grant a Rule 59(e) motion to alter or amend judgment for one of three reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion, however, is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992)). The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. See *Minshall v. McGraw Hill Broadcasting Co., Inc.,* 323 F.3d 1273, 1287 (10th Cir. 2003) (citation omitted).

*Doc. 95* at 3. The Board apparently relies on the third reason set forth above.

The Board concedes that the time frames addressed by the hearing officers are distinctly different even though both periods fell within the 2012-2013 school year. It nevertheless maintains that the "transactional approach" (mentioned for the first time in any of its briefing) dictates that *res judicata* apply to the first hearing officer's decision. Simply put, the Court disagrees that it improperly "assign[ed] 'temporal overlap' a dispositive significance that cannot be squared" with the transactional approach in determining whether the causes of action are identical for the purposes of *res judicata*.

*See id.* at 7.

True, many of the issues are similar. But as the Board acknowledges, the circumstances had changed, especially given the departure of the TVI. Just that changed circumstance and its potential impact on the adequacy of similar services provided to A.R. during the later time frame caution against the application of *res judicata*. The motion to alter or amend is denied.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent