IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

R. M-G, as parent and next friend for A.R.,
a minor child,

        Petitioner-Appellant,

v.                                                                                    CIV 13-0350 KBM/KK
                                                                                  Cons. CIV 13-0720 KBM/KK
                                                                                   Cons. CIV 13-0755 KBM/KK

LAS VEGAS CITY SCHOOLS and
THE BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

        Respondent-Appellee.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Petitioner's Motion for Attorney's Fees Incurred in Fee Petition (*Doc. 100*), filed March 4, 2015, and fully briefed June 15, 2015. Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73, the parties have consented to me serving as the presiding judge, conducting all proceedings, including trial, and entering final judgment. *Doc. 10.* Having considered the submissions of the parties and the relevant law, the Court will grant the motion.

**I.**     **Background Facts and Procedural Posture**

The facts of this case have been set forth in the Court's previous orders (*Doc. 92* and *94*) and will not be repeated here except as necessary to provide an understanding of the issues addressed in this opinion.

Petitioner R. M-G is the mother of A.R., who is blind. R. M-G was dissatisfied with the educational accommodations being provided to A.R. at his public middle school

administered by the Las Vegas City Schools and the Board of Education for the Las Vegas City Schools (the District), and she requested an administrative hearing pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The administrative law judge did not allow R. M-G to amend her petition to add additional claims to be heard at the administrative hearing; thus, R. M-G sought a second administrative hearing on the additional claims. R. M-G was awarded some, but not all, of the relief sought in the first administrative hearing, and she appealed the administrative law judge's decision to this Court in case 13cv0350 KBM/KK. In addition to appealing the merits, R. M-G sought attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs - - (I) to a prevailing party who is the parent of a child with a disability; . . . .").

On August 21, 2014, R. M-G voluntarily dismissed her claim for judicial review of the administrative law judge's decision in the first administrative hearing (*Doc. 60)* but maintained her claim for attorney's fees. The Court awarded R. M-G attorney's fees as the prevailing party in the first administrative hearing (*Doc. 94*). R. M-G now seeks attorney's fees for her counsel's work performed in obtaining that award, what she refers to as "fees on fees," including fees incurred in submitting the instant motion.

In their briefing, the parties do not dispute the amount or reasonableness of the fees requested by R. M-G's counsel. Rather, the point of contention is over the applicable legal standard in light of R. M-G's voluntary dismissal of her appeal.

**II.     Discussion**

    **A.     The *Miller* Case Does Not Apply to R. M-G's Request for Fees on Fees.**

The District contends that R. M-G is not entitled to her attorney's fees as a matter of law because she did not prevail on any of the substantive claims in her federal complaint. Citing *Miller ex rel. S.M. v. Bd of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232 (10th Cir. 2009), the District argues that "in order for a party to receive an award of attorney's fees incurred in federal litigation, a party must achieve success on substantive claims independent and apart from an award of attorney's fees incurred in a due process hearing." *Doc. 127* at 5.

*Miller* does not support the District's position. The plaintiffs in *Miller* filed a civil action seeking review and modification of the administrative decision under the IDEA as well as claims for discrimination. *Miller,* 565 F.3d at 1239. The Millers voluntarily dismissed their damages claims and the district court disposed the remaining claims on the merits. *Id.* at 1239. The district court held that the school district was entitled to summary judgment on the discrimination claims and affirmed the administrative officer on all grounds, including those on which the Millers prevailed. *Id.* at 1240. While the district court denied the Miller's an award of attorney's fees for the civil action, it awarded fees and costs in connection with the administrative proceedings. *Id.* However, the Millers **did not** seek a "request for attorney fees or costs incurred in preparing their fee petition," and the district court did not award fees for that purpose. *See Miller v. Bd. of Educ. of the Albuquerque Pub. Sch.*, CIV 05-0502 MCA/WPL, (D.N.M. 2006) (*Doc. 79*) at 9 n.3.

3

On appeal, the Tenth Circuit explained, "Ms. Miller[1] sought attorney's fees and costs for three discrete phases of the litigation: (1) the administrative proceedings; (2) the defense against APS's preliminary injunction lawsuit; and (3) this civil action." *Id.* at 1247. The Tenth Circuit found that the district court did not abuse its discretion when it denied fees and costs to the Millers for their civil action and granted a reduced fee award for the administrative proceeding, as the Millers only partially prevailed in those proceedings. The Tenth Circuit did not address a "fees on fees" application since the Millers did not seek "fees on fees" in the district court. Thus, the Tenth Circuit's ruling -- that plaintiff was not entitled to attorney's fees because she did not prevail on the substantive issues raised in the district court – was limited to the substantive issues raised in the Millers' civil action, including modification of the administrative officer's decision and the discrimination claims. Accordingly, Miller is distinguishable and its holding does not apply to the facts in this case.

### B.     **R. M-G was the Prevailing Party on Her Claim for Attorney's Fees.**

The IDEA offers two separate and independent actions to parents of disabled children following an administrative hearing, including the opportunity to appeal the administrative officer's decision, 20 U.S.C. § 1415(i)(2), and the opportunity to obtain an award of attorney's fees as a prevailing party in the administrative proceedings, 20 U.S.C. § 1415(i)(3)(B).[2] *See Teakell v. Clovis Mun. Sch.*, CIV 04-0050 WJ/RHS, *Doc. 17* at 9,

---

[1] Ms. Miller's husband did not participate in the appeal. *Miller*, 565 F.3d at 1240 n.4.
[2] The parties apparently dispute whether the claim for attorney's fees under 20 U.S.C. § 1415(i)(3)(B) is a "substantive" or "collateral" claim. However, they agree that whatever the distinction, this Court retains jurisdiction of the "fees on fees" issue although the underlying award of attorney's fees has been appealed to the Tenth Circuit. *See Doc. 100* at 1; *Doc. 107* at 2.

Case 1:13-cv-00350-KBM-KK   Document 133   Filed 07/10/15   Page 5 of 6

(June 25, 2004) (citing *Mathern v. Campbell Cnty. Children's Ctr.*, 674 F. Supp. 816 (D.Wyo. 1987) (reinforcing that an application for attorney's fees under the IDEA is an independent action)). A court may award attorney fees to a party that prevailed in an administrative proceeding in an action which was never tried on its merits in federal court. *Mathern*, 674 F. Supp. at 817. Indeed, if a prevailing party is to obtain attorney's fees at all, a case must be brought in district court as an administrative hearing officer does not have the authority to award fees. *See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 423 n.4 (5th Cir. 2009); *Teakell*, Doc. 17 at 9.

Although in *Sinajini v. Bd. of Educ. of San Juan Cnty. Sch. Dist.*, 53 F. App'x 31 (10th Cir. 2002) the Tenth Circuit noted that its approach to a fee award for work on fees has varied from "clear hostility to a presumption that they are generally available," the weight of authority from the Tenth Circuit supports the notion that "fees on fees" are recoverable. *See Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (explaining that compensating attorneys for work resolving fee issues furthers the purpose behind the statutory fee authorization); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (noting "under statutory fee provisions, courts commonly allow additional attorney's fees for time spent in establishing an original fee entitlement."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1254 (10th Cir. 1998) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."). This District has previously followed the general rule that "at least some compensation is generally allowable for work reasonably expended on the fee application." *Peña v. Belen*

5

*Consol. Sch. Bd. of Educ. of Belen Consol. Sch.*, CIV 04-1352 LFG/RLP, *Doc. 56* at 6 (D.N.M. April 3, 2006) (citing *Mares*, 801 F.2d at 1205). It is within the district court's broad discretion to determine the appropriate fee on a case-by-case basis. *Sinajini*, 53 F. App'x at 38-39.

Here, R. M-G brought a claim for attorney's fees that was separate and independent from her appeal of the administrative officer's decision and prevailed on that claim. She is not required to succeed in an appeal or on the merits of an additional claim in order to obtain attorney's fees for being the prevailing party at the administrative level.

The burden is on the party requesting fees to establish entitlement to an award and document hours expended and rates. *Mares*, 801 F.2d at 1201. The fee award must be reasonable. *Id.* R. M-G's counsel, Debra Poulin and Nancy Simmons, have each provided sufficient proof of hours spent on the fee petition and their rates. As previously noted, the parties do not dispute the amount or reasonableness of the fees. The Court finds the requested award for fees and costs for counsels' work performed on the fee petition to be reasonable.

Wherefore,

**IT IS ORDERED** that Petitioner's Motion for Attorney's Fees Incurred in Fee Petition (*Doc. 100*) is hereby **granted**. Petitioner is awarded the sum of $7,179.02 (which represents attorney's fees of $6,250.00 plus gross receipts tax of $453.77 and costs in the amount of $475.25).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE