IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R. M-G, as parent and next friend for A.R.,
a minor child,

        Petitioner-Appellant,

v.                                                                            CIV 13-0350 KBM/KK

LAS VEGAS CITY SCHOOLS and
THE BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

        Respondent-Appellee.
==================================
A.R., through his mother and next friend, R. M-G, and R. M-G,

        Plaintiffs,

vs.                                                               CIV 13-0720 KBM/KK

LAS VEGAS CITY SCHOOLS, THE SCHOOL
BOARD OF EDUCATION FOR THE LAS VEGAS
CITY SCHOOLS, SHERYL McNELLIS MARTINEZ,
in her official capacity as Superintendent of the Las Vegas
City Schools, and in her individual capacity; and
RICHARD ROMERO, LESLIE DAMON and
LORENA CASTRO-GARCIA, in their individual capacities,

        Defendants.
==================================
LAS VEGAS CITY SCHOOLS and
BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

        Petitioner-Appellant,

vs.                                                             CIV 13-0755 KBM/KK

R. M-G, as parent and next friend of minor child A.R.,

        Respondent-Appellee.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court on the Las Vegas City Schools and Board

of Education for the Las Vegas City Schools' Motion for Order for Entry of Partial Final Judgment (*Doc. 160*). Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties have consented to me serving as the presiding judge, conducting all proceedings, including trial, and entering final judgment. *See Docs. 10, 11, 12*. Having considered the submissions of the parties and the relevant law, the Court will deny the motion.

I.   **Background Facts and Procedural Posture**

The facts of this case have been set forth in the Court's previous orders (*Doc.* 94 and *144*) and are only repeated here to the extent necessary to provide an understanding of the issues addressed in this opinion. A.R., who is legally blind, attended Memorial Middle School, which is governed by the Board of Education for the Las Vegas City Schools ("the District"), during the 2012-2013 school year. During that time, A.R. was subject to an Individualized Education Program ("IEP") under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 et seq.[1]

R. M-G, A.R.'s mother, became dissatisfied with the educational program and services the District was providing to accommodate A.R.'s disability, and she requested a special education due process hearing to remedy those concerns. Two hearings were held, DPH 1213-19 and DPH 1213-36. The first hearing, DPH 1213-19, took place before Due Process Hearing Officer Barbara Albin ("DPHO Albin"). DPHO Albin's decision was

---

[1] The Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, creates an "enforceable substantive right to public education." *Honig v. Doe*, 484 U.S. 305, 310 (1988) (citation omitted). Under the IDEA, students with disabilities are entitled to an individualized education program ("IEP"), 20 U.S.C. § 1401 (9)(D); 20 U.S.C. § 1414(d)(1)(A), and a parent may file a complaint and request a due process hearing when they believe their child is not receiving a free appropriate public education ("FAPE") pursuant to the IEP. *See* 20 U.S.C. § 1415.

partially favorable to R. M-G. The second hearing, DPH 1213-36, took place before Due Process Hearing Officer Jane Yohalem ("DPHO Yohalem"). DPHO Yohalem concluded that the District denied A.R. a free appropriate public education ("FAPE").

Three separate lawsuits arose out of the circumstances surrounding A.R.'s education with the District, which were later consolidated into this action. *Doc. 27*. In CIV 13-0350 KBM/KK, R. M-G appealed DPHO Albin's final decision and requested attorney's fees for the first due process hearing. R. M-G later voluntarily dismissed her claim for judicial review of the administrative law judge's decision but maintained her claim for attorney's fees. This Court awarded R. M-G her attorney's fees as the prevailing party in the first administrative hearing on February 2, 2015. *Doc. 94*. The District notified this Court of its intention to appeal this award on March 3, 2015. *Doc. 99*. On March 16, 2015, the Tenth Circuit Court of Appeals tolled the briefing on the appeal pending entry of a partial final judgment pursuant to Rule 54(b). *Doc. 110*. The District moved for entry of a partial final judgment on May 4, 2015. *Doc. 118*. R. M-G took no position on the motion. *Id.* The Court subsequently entered partial final judgment as to this issue on May 6, 2015. *Doc. 120*.

Later, R. M-G sought to recover the attorney's fees she expended in pursuing the initial fee award. This Court awarded R. M-G her attorney's fees as the prevailing party on her claim for attorney's fees on July 10, 2015. *Doc. 133*. The District sought Rule 54(b) certification as to this issue on August 5, 2015. *Doc. 138*. Plaintiff did not oppose, and so the Court granted it on August 6, 2015. *Doc. 139*. The District then filed a second notice of appeal. *Doc. 140*. These appeals remain pending.

3

In CIV 13-0720 KBM/KK, A.R. and R. M-G filed a civil rights action against the District and requested attorney's fees for the second due process hearing before DPHO Yohalem. In CIV 13-0755 KBM/KK, the District appealed DPHO Yohalem's final decision. The District moved for summary judgment as to DPHO Yohalem's findings and this Court denied the motion by Memorandum Opinion and Order on September 8, 2015, finding them to be legally supported. *Doc. 144.* Specifically, the Court found that the District failed to maintain A.R.'s educational placement and failed to implement all material portions of his IEP during the relevant time period. *Id.* The District filed its notice of appeal as to these issues on October 8, 2015. *Doc. 145.* On October 9, 2015, R. M-G moved to recover her attorney's fees for both the administrative proceeding before DPHO Yohalem and for those fees expended in defending the District's petition for judicial review of the underlying decision. *Doc. 148.* Briefing was completed on the issues on December 23, 2015, and the motion remains pending.

On November 12, 2015, the Tenth Circuit abated the District's appeal pending a ruling on the District's present motion for Rule 54(b) certification, finding that "[i]t is unclear whether a Rule 54(b) certification is proper or necessary." *Doc. 154.* After considering the parties' respective positions, the Court concludes that Rule 54(b) certification is neither proper nor necessary in these circumstances.

II. **Analysis**

Under Federal Rule of Civil Procedure 54(b) "the Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that that there is no just reason for delay[.]" Fed. R. Civ. P. 54(b).

4

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). "However, Rule 54(b) 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

> Rule 54(b) entries are not to be made routinely. . . . Indeed, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships. . . . Thus, a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. . . . . Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Id.* at 1242 (citations omitted). Even if a final judgment is identified, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). Rather, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*

"To be considered 'final,' an order must be 'final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Oklahoma Turnpike Authority*, 259 F.3d at 1242. "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." *Id.* (citations omitted). "[A]

5

judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243.

> Factors the district court should consider are "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."

*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). When considering whether or not a disposed of claim is separable from the remaining claims, the Court considers "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Oklahoma Tpk. Auth.*, 259 F.3d at 1242 (citations omitted).

The Court's September 8, 2015, Memorandum Opinion and Order is final insofar as it resolves the District's claims that DPHO Yohalem erred in CIV 13-0755. R. M-G's remaining claims for attorney's fees and damages in CIV 13-0720 are likewise severable to the extent that they seek separate relief. However, factually, the issues resolved by the September 8, 2015, Memorandum Opinion and Order and the remaining claims overlap. As the District admits, "all three cases involve the same student and overlapping school semesters[.]" *Doc. 165* at 6. In her Complaint for Damages for Disability Discrimination and Civil Rights Violations in CIV 13-0720, R. M-G makes allegations stemming from the fall semester of 2010 through the spring semester of 2013. *Doc. 1* at 8-28. In its Complaint for Judicial Review Pursuant to 20 U.S.C. § 1415 in CIV 13-0755, the District challenges DPHO Yohalem's decision, which covered the time period of November 16, 2012 to May

6

31, 2013. *Doc. 1* at 2. Thus, to at least some degree, the factual predicate for DPHO Yohalem's decision is the same that forms the basis of R. M-G's civil rights claims against the District.

In this same regard, R. M-G's pending motion for attorney's fees seeks to recover fees which are directly related to the underlying result before DPHO Yohalem. Thus, the issues raised by her fee petition are at least factually tied to the Court's September 8, 2015, Memorandum Opinion and Order. In this sense, the "judicial administrative interests" at play in this case counsel in favor of denying the District's motion until all of the claims at issue in this consolidated case have been resolved. *Curtiss-Wright Corp.*, 446 U.S. at 8.

Furthermore, the District has not shown that there is no just reason to delay appeal of the September 8, 2015, Memorandum Opinion and Order. Even where a final judgment is identified in a multi-claim case, whether to certify a case under Rule 54(b) is a matter of weighing equities, and the party seeking the certification must at least make a showing that delay of appellate review would create a hardship. This has been done in prior cases by showing, for example, that delay of appellate review would result in financial hardship. *See, e.g.*, *Curtiss-Wright Corp.*, 446 U.S. at 1-9 (where one of the district court's considerations was the difference between prejudgment and market interest as well as the length of time it would take for the debts at issue to be paid while the remaining claims were resolved). There is no such showing here.

At best, the District argues that "R. M-G's degree of success litigating her claims underlying [the September 8, 2015, Order] has no bearing" on any of the issues

7

remaining, *Doc. 160* at 3, because "it disposes of all claims" in CIV 13-0755. *Doc. 165* at 4. However, the mere fact that the Court's September 8, 2015, Memorandum Opinion and Order resolved the claims in that portion of this case is not alone enough to warrant Rule 54(b) certification absent the required showing. *See Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987). Given that there may be subsequent appeals related to R. M-G's damages claims in this case, the Court is not confident that the Tenth Circuit will not have to revisit the facts and remaining legal issues of this case more than once.[2] As such, the Court determines that the more appropriate action in this case is to deny the District's requested Rule 54(b) certification until it conclusively rules on all claims presented by the parties.

## V.  Conclusion

This Court's September 8, 2015, Memorandum Opinion and Order resolved the District's claims in CIV 13-0755. It did not, however, resolve all claims that are at issue in this consolidated action. In the Court's view, these remaining claims, which are factually related to those in CIV 13-0755, should be finally adjudicated before the District is permitted to pursue an additional appeal.

Wherefore,

**IT IS ORDERED** that the Board of Education for the Las Vegas City Schools'

---

[2] While "a denial under the IDEA does not ineluctably establish a violation of § 504[,]" *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1246 (10th Cir. 2009), the Tenth Circuit has indicated that they are related. *See Urban by Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 728 (10th Cir. 1996) ("The regulations promulgated under section 504 generally conform to the standards established by the IDEA. . . .").

Motion for Order for Entry of Partial Final Judgment is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

9